1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   KENNETH DEAN DAWSON,

11              Plaintiff,                No. CIV S-09-2132 DAD P

12        vs.

13   U.S. CONSTITUTION, et al.,           <u>ORDER AND</u>

14              Defendants.               <u>FINDINGS & RECOMMENDATIONS</u>

15   _____/

16            Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42

17   U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915.

18   This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule

19   302 and 28 U.S.C. § 636(b)(1).

20            On December 4, 2009, plaintiff submitted an in forma pauperis application that

21   makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, plaintiff will be granted leave

22   to proceed in forma pauperis.  On March 12, 2010, plaintiff filed another application to proceed

23   in forma pauperis.  That application will be denied as duplicative.

24            Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  <u>See</u>

25   28 U.S.C. §§ 1914(a) & 1915(b)(1).  Plaintiff has been without funds for six months and is

26   currently without funds.  Accordingly, the court will not assess an initial partial filing fee.  <u>See</u> 28

1

1  U.S.C. § 1915(b)(1).  Plaintiff will be obligated to make monthly payments of twenty percent of

2  the preceding month's income credited to plaintiff's prison trust account.  These payments shall

3  be collected and forwarded by the appropriate agency to the Clerk of the Court each time the

4  amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  See 28 U.S.C.

5  § 1915(b)(2).

6          The court is required to screen complaints brought by prisoners seeking relief

7  against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C.

8  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

9  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

10  granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

11  U.S.C. § 1915A(b)(1) & (2).

12          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

13  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

14  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

15  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

16  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

17  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

18  Cir. 1989); Franklin, 745 F.2d at 1227.

19          Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

20  plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

21  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

22  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47

23  (1957)).  However, in order to survive dismissal for failure to state a claim a complaint must

24  contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

25  factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,

26  550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

2

1    allegations of the complaint.  See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740

2    (1976).  The court must also construe the pleading in the light most favorable to the plaintiff and

3    resolve all doubts in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

4             Here, in his complaint plaintiff names as defendants, the U.S. Constitution, the

5    U.S. Congress, the U.S. Supreme Court and President Barrack Obama.  Through this action

6    plaintiff seeks a court order amending the U.S. constitution in order to allow a person not born in

7    the United States to serve as President of the United States.  The court has informed plaintiff in

8    the court's October 6, 2009 and November 3, 2009 orders that this action would be dismissed as

9    legally frivolous or for failure to state a cognizable claim, if plaintiff proceeded with such a claim

10   in this action.  Although given the opportunity, plaintiff has elected not to request the voluntary

11   dismissal of this action.

12            The undersigned has carefully considered whether plaintiff may amend his

13   complaint to state any claim upon which relief can be granted.  "Valid reasons for denying leave

14   to amend include undue delay, bad faith, prejudice, and futility."  California Architectural Bldg.

15   Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988).  See also Klamath-Lake

16   Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that,

17   while leave to amend shall be freely given, the court need not allow futile amendments).  Here,

18   plaintiff's claim is frivolous and clearly not cognizable.  Accordingly, the court will recommend

19   that the dismissal be without leave to amend.

20            Accordingly, IT IS HEREBY ORDERED that:

21            1.  Plaintiff's December 4, 2009 application to proceed in forma pauperis (Doc.

22   No. 8) is granted.

23            2.  Plaintiff's March 12, 2010 application to proceed in forma pauperis (Doc. No.

24   11) is denied as duplicative.

25            3.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

26   The fee shall be collected and paid in accordance with this court's order to the Director of the

1   California Department of Corrections and Rehabilitation filed concurrently herewith.

2           4.  The Clerk of the Court is directed to randomly assign this action to a District

3   Judge.

4           Also, IT IS HEREBY RECOMMENDED that this action be dismissed with

5   prejudice as frivolous and for failure to state a cognizable claim.

6           These findings and recommendations are submitted to the United States District

7   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

8   one days after being served with these findings and recommendations, plaintiff may file written

9   objections with the court.  The document should be captioned "Objections to Magistrate Judge's

10  Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

11  specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951

12  F.2d 1153 (9th Cir. 1991).

13  DATED: April 12, 2010.

14

15

16  DAD:4
    daw2132.fsc

17

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

4